UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERRIS R. JONES, ) | Case No.: 2-10-CV-01941-GMN-PAL |
| ) | |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| ) | |
| LAS VEGAS VALLEY WATER ) | |
| DISTRICT; PAT MULROY; PATRICIA ) | |
| MAXWELL; JANE GOODROW; ) | |
| HYMAN WALKER; ROBERT ) | |
| HULSHOUSER; JAMES TADLOCK; ) | |
| ALAN SCHMIDT; RICHARD TRITLEY; ) | |
| RICHARD FOX, ) | |
| ) | |
| Defendants. ) | |

Defendants have brought a Motion to Dismiss Plaintiff's claims according to Fed. R. Civ. P. 12(b)(1) for failure to exhaust administrative remedies, and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted, and in the alternative, a Fed. R. Civ. P. 12(e) Motion for More Definite Statement. (ECF No. 4).

Plaintiff has brought a Motion to Strike Defendants' Motion to Dismiss (ECF No. 7) and a Motion for Hearing (ECF No. 8).

The Court will DENY the 12(b)(1) Motion to Dismiss as moot, and GRANT the 12(b)(6) Motion to Dismiss, with leave to amend within thirty (30) calendar days. The Court will DENY the 12(e) Motion for More Definite Statement as moot.

The Court will DENY Plaintiff's Motion to Strike (ECF No. 7) and will DENY the Motion for Hearing (ECF No. 8).

**I. FACTS AND PROCEDURAL HISTORY**

This is a civil action brought by Plaintiff Terris R. Jones against Las Vegas Valley Water District ("LVVWD"), and nine employees/agents of LVVWD: Pat Mulroy,

Patricia Maxwell, Jane Goodrow, Hyman Walker, Robert Hulshouser, James Tadlock, Alan Schmidt, Richard Tritley, and Richard Fox. Plaintiff alleges ten causes of action. Plaintiff's Complaint is styled with a list of violations: (1) Title 18, U.S.C., Section 241, Title VII of the Civil Rights Act of 1964, as amended; (2) Title VII, Section 704(a), Civil Rights Act of 1991; (3) Title 42 Section 1981; (4) Deception; (5) Libel; (6) Abuse of Authority; (7) Intimidation; (8) Negligent; (9) Mail Fraud; (10) Negligent Intentional Infliction of Emotional Distress; (11) Intentional Negligent of Breach of Contract. (ECF No. 1.)  However, it appears that none of the ten listed causes of action contains a legal basis for the claim, nor the specific Defendant alleged to have committed the specific violation. (*Id.*)

      Plaintiff is currently employed as a Security Officer with LVVWD, and has been so employed since February 20, 2007. (*See* Exs. R, L-2, ECF No. 1.)  Plaintiff alleges various violations on the part of employees of LVVWD stemming from incidents in the context of his employment, beginning in January 2008 and continuing through 2010, when the Complaint was filed. (*See* ECF No. 1.)  Plaintiff first complained to Patricia Maxwell, Director of Human Resources for LVVWD, on February 9, 2010, that he was being subjected to harassment and intimidation due to his race. (*See* Ex. L-2, ECF No. 1.) Plaintiff first filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 9, 2010, alleging Discrimination based on Race and Retaliation. (Ex. L-2, ECF No. 1; *See* Ex. R, ECF No. 1.)  Plaintiff filed a Charge of Discrimination with the EEOC on August 6, 2010, alleging Discrimination based on Race and Retaliation. (Ex. R, ECF No. 1.)

      The EEOC issued a "Notice of Right to Sue" to Plaintiff on October 22, 2010. (*See* Ex. M-2, ECF No. 1.)  However, on November 3, 2010, the EEOC rescinded the Notice on the grounds that it had been issued in error, and that State and Local entities must be issued the Notice of Right to Sue by the U.S. Department of Justice. (*See* Ex. A,

ECF No. 4-1.)  Plaintiff was advised that "[a] new letter of Notice of Right to Sue will be issued by the U.S. Department of Justice." (*Id*.)  Plaintiff was subsequently issued a "Notice of Right to Sue" by the U.S. Department of Justice on November 24, 2010. (*See* Ex. A, ECF No. 11-1.)

Plaintiff initiated his lawsuit in this Court on November 4, 2010. (ECF No. 1.)

## II. LEGAL STANDARD

For an examination of the legal standard for pro se pleadings in employment discrimination cases, see this Court's opinion in *Washington v. Certainteed Gypsum, Inc.*, 2011 WL 3705000, *4–5 (D. Nev. Aug. 24, 2011) (No. 2:10-CV-00204-GMN-LRL) (slip copy).  This Court will assess Plaintiff's employment discrimination complaint under the two general pleading principles outlined by the Ninth Circuit in *Starr*: "[W]hether the allegations provide Defendant fair notice of the type of claim being brought, and whether the allegations are sufficiently plausible." *Washington v. Certainteed Gypsum, Inc.*, 2011 WL 3705000, at *5 (citing *Starr v. Baca*, ---F.3d ----, No. 09-55233, 2011 WL 2988827 (9th Cir. July 25, 2011)).

## III. ANALYSIS

Subsequent to filing his Complaint (ECF No. 1), Plaintiff's administrative remedies were exhausted as of November 24, 2010, when the U.S. Dept. of Justice issued a Notice of Right to Sue. (*See* "Notice of Right to Sue, Nov. 24, 2010" Ex. B-2, ECF No. 7; "Notice of Right to Sue, Nov. 24, 2010" Ex. A, ECF No. 11.)  Therefore, Defendants' Motion to Dismiss (ECF No. 4) on the basis of failure to exhaust administrative remedies is DENIED as moot.

In his Complaint, Plaintiff has stated *facts* that may be sufficient to plead causes of action under Title VII of the Civil Rights Act of 1964, and possibly under other legal authorities.  Indeed, Plaintiff documents the facts of his claims extensively, with thirty-nine exhibits consisting of almost one hundred pages.  However, this Court agrees with

the Defendants in that none of Plaintiff's ten claims state the legal basis underlying the specific claim, nor do the claims sufficiently specify which Defendant is implicated for each claim. In order to sufficiently plead claims upon which relief may be granted, Plaintiff should be allowed to cure this deficiency in some way.  For example, the Plaintiff could, at minimum, list the specific legal basis underlying the claim under each of his headings, the specific Defendant who is alleged to have violated that law, as well as the specific facts that form the basis for the claim.

Accordingly, Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) is GRANTED, with leave to amend.  Defendants' Motion for More Definite Statement under Fed. R. Civ. P. 12(e) is DENIED as moot.  If Plaintiff wishes to file an Amended Complaint, Plaintiff is directed to do so in a manner consistent with this opinion within thirty (30) calendar days.

Plaintiff's Motion to Strike Defendants' Motion to Dismiss (ECF No. 7) is DENIED.

Plaintiff's Motion for Hearing (ECF No. 8) is DENIED.

**VI. CONCLUSION**

IT IS HEREBY ORDERED that Defendants' 12(b)(1) Motion to Dismiss is DENIED as moot.

IT IS HEREBY ORDERED that Defendants' 12(b)(6) Motion to Dismiss is GRANTED, with leave to amend within thirty (30) calendar days.

IT IS HEREBY ORDERED that Defendants' 12(e) Motion for More Definite Statement is DENIED as moot.

IT IS HEREBY ORDERED that Plaintiff's Motion to Strike Defendants' Motion to Dismiss is DENIED.

IT IS HEREBY ORDERED that Plaintiff's request for hearing is DENIED.

DATED this 15th day of September, 2011.

_____
Gloria M. Navarro
United States District Judge