UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERRIS R. JONES, SR. ) | Case No.: 2:10-cv-01941-GMN-PAL |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| LAS VEGAS VALLEY WATER DISTRICT; ) | |
| PAT MULROY; PATRICIA MAXWELL; JANE ) | |
| GOODROW; HYMAN WALKER; ROBERT ) | |
| HULSHOUSER; JAMES TADLOCK; ALAN ) | |
| SCHMIDT; RICHARD TRITLEY; RICHARD ) | |
| FOX, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This is an employment discrimination action filed by *pro se* Plaintiff Terris R. Jones against Defendant Las Vegas Valley Water District ("LVVWD"), and individual Defendants Pat Mulroy, Patricia Maxwell, Jane Goodrow, Hyman Walker, Robert Hulshouser, James Tadlock, Alan Schmidt, Richard Tritley, and Richard Fox (collectively, "Defendants"). Pending before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. (ECF No. 28.) Plaintiff filed a Response (ECF No. 30) and Defendants filed a Reply (ECF No. 31).

Also before the Court is Plaintiff's October 24, 2011 motion (ECF No. 32), styled as a Motion for Partial Summary Judgment. Defendants filed a Response (ECF No. 33) and Plaintiff filed a Reply (ECF No. 34). Plaintiff filed another motion styled as a "Motion for Judgment on the Pleadings; Pursuant to Fed. R. Civ. P. 56(a) LR7-2(a), 56-1" (ECF No. 48). Defendants filed a Response (ECF No. 49) and Plaintiff filed a Reply (ECF No. 50).

Also before the Court is Plaintiff's motion filed March 19, 2012 (ECF No. 46).

## I. BACKGROUND

On September 15, 2011, the Court granted Defendants' Motion to Dismiss Plaintiff's Complaint on the basis of Federal Rule of Civil Procedure 12(b)(6). (ECF No. 24.) The Court gave Plaintiff leave to amend his Complaint, and Plaintiff subsequently filed his First Amended Complaint on September 20, 2011. (ECF No. 25.)

In the instant Motion to Dismiss, Defendants move to dismiss all individual defendants, which would leave only Defendant Las Vegas Valley Water District ("LVVWD"). Defendants also move to dismiss Plaintiff's First through Sixth Causes of Action, as well as the Tenth Cause of Action, against all Defendants. The Court will grant Defendants' Motion to Dismiss, which leaves Plaintiff's Seventh, Eighth and Ninth Causes of Action against Defendant Las Vegas Valley Water District.

Also before the Court is Plaintiff's October 24, 2011 motion (ECF No. 32), styled as a Motion for Partial Summary Judgment. Defendants filed a Response (ECF No. 33) and Plaintiff filed a Reply (ECF No. 34). However, as Defendants point out in their response, Plaintiff's motion fails to comply with Fed. R. Civ. P. 56, as well as Local Rules 7 and 56. Therefore, Plaintiff's Motion for Partial Summary Judgment will be denied. Plaintiff filed another motion styled as a "Motion for Judgment on the Pleadings; Pursuant to Fed. R. Civ. P. 56(a) LR7-2(a), 56-1" (ECF No. 48) that fails for the same reason and will also be denied.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint

is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

1  motion to dismiss" without converting the motion to dismiss into a motion for summary
2  judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence
3  201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*,
4  798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside
5  of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See*
6  *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

7  If the court grants a motion to dismiss, it must then decide whether to grant leave to
8  amend.  The court should "freely give" leave to amend when there is no "undue delay, bad
9  faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by
10 virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman*
11 *v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear
12 that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow*
13 *Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

14 **III.    ANALYSIS**

15     **A.    Defendants' Motion to Dismiss**

16 Plaintiff captioned his First Amended Complaint with the following causes of action:
17 "Damages for Conspiracy, Discrimination, Retaliation, Abuse of Authority, Intimidation,
18 Negligent, Mail Fraud, Negligent Intentional Infliction of Emotional Distress, Intentional
19 Negligent of Breach of Contract." (First Am. Compl. 1:6-10, ECF No. 25.)  However, Plaintiff
20 again failed to match these causes of action to the facts alleged in the body of his Complaint.
21 (*See* Order, Sept. 15, 2011, ECF No. 24.)  Despite this failure, Defendants have not moved to
22 dismiss Plaintiff's Seventh through Ninth Causes of Action for failure to state a claim upon
23 which relief can be granted, and solely move to dismiss the individual Defendants and Plaintiff's
24 First through Sixth, and Tenth Causes of Action against all Defendants.   For the reasons
25 discussed below, the First through Sixth Causes of Action, and the Tenth Cause of Action will

be dismissed against all Defendants.

### 1. *Individual Defendants*

Defendants in their individual capacity cannot be held liable for damages under Title VII. *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993). Accordingly, dismissal of all individual Defendants for Plaintiff's Title VII claims is appropriate.

#### a. First Cause of Action

Plaintiff's First Cause of Action does not appear to allege any legal basis for the claim. Instead, Plaintiff narrates events in the course of his employment and conclusory statements that Lead Security Officer for Wackenhut Security, Richard Tritley, was Caucasian while Plaintiff is African American, and that Tritley impugned Plaintiff's skill, competency and maturity when he "unnecessarily told plaintiff to repeat all of his instructions that he had just said to plaintiff" and "did not ask that request from any of the other officers present that day." (FAC, 3:16-20.) Plaintiff argues that Tritley thereby "produced liability on himself and others because of the unlawful act, and he, and others are directly responsible for the damages." (FAC, 3:19-23.) The Court's liberal construction of this cause of action leads to the conclusion that Plaintiff alleges violations of Title VII against Tritley. Accordingly, this cause of action will be dismissed.

#### b. Second Cause of Action

Plaintiff's Second Cause of Action specifically invokes Title VII as a basis for the claim, and as with the First Cause of Action, only alleges violations on the part of Tritley and supervisor James Tadlock. Accordingly, this cause of action will be dismissed.

#### c. Third Cause of Action

Plaintiff's Third Cause of Action invokes discrimination as a basis for the claim, and alleges that Tritley discriminated against African American employee and Security Officer Thereesa Richardson, which "was very painful for plaintiff to see and hear" and therefore "had a discriminative impact on plaintiff." (FAC, 5:26-27.) To the extent that Plaintiff is alleging a

violation of Title VII against himself, perpetrated by Tritley, this claim also fails, and the cause of action will be dismissed.

### d. Fourth Cause of Action

Plaintiff's Fourth Cause of Action alleges that supervisor James Tadlock was negligent for failing or refusing "to hold Tritley responsible for maintaining a safe work environment free from harassment and/or discrimination." (FAC, 6:23-25.) Plaintiff appears to be alleging a claim for hostile work environment under Title VII, and possibly conspiracy, negligent supervision or intentional infliction of emotional distress. Because these allegations also appear to be against Tadlock in his individual capacity, this cause of action will be dismissed to the extent that it alleges Title VII violations. To the extent that Plaintiff is alleging a claim under any other legal theory, the Court finds that Plaintiff has failed to give Defendants fair notice of a legally cognizable claim and therefore has failed to sufficiently state a claim under Federal Rule of Civil Procedure 12(b)(6). Accordingly, this cause of action will be dismissed.

### e. Fifth Cause of Action

Plaintiff's Fifth Cause of Action alleges discrimination on the part of Tadlock, supervisor Jane Goodrow, and possibly Patricia Maxwell in the context of his dispute over compensation. Because the Court's liberal construction of this cause of action leads to the conclusion that Plaintiff is alleging violations of Title VII against these Defendants in their individual capacity, this cause of action will also be dismissed.

## 2. *Las Vegas Valley Water District*

### a. First through Sixth Causes of Action

In his Sixth Cause of Action Plaintiff alleges that Las Vegas Valley Water District, in addition to the dismissed Defendants, was "negligent and/or discriminative and abused their authority to intentionally intimidate, infliction of emotional distress and conspired with each other to denied plaintiff his rights." (FAC, 8:16-21.) He also alleges that "defendants breached

the contract, which said the Las Vegas Valley Water District is an Equal Opportunity Employer, because all of them knew or should have known what was going on and what the law said about all of these unlawful action(s)." As discussed above, all causes of action alleged by Plaintiff against individual defendants for Title VII violations will be dismissed.

Also, as Defendants point out in their Motion to Dismiss, a claimant must file an EEOC Charge within three hundred days of a discriminatory act at the latest, if filing with a state agency. 42 U.S.C. § 2000e-5(e)(1). This time period is subject to equitable doctrines such as tolling or estoppel, but is to be applied sparingly. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). The Court does not find that Plaintiff's allegations justify the application of the equitable doctrines. Plaintiff attached his EEOC Charge dated April 9, 2010 to his original Complaint (ECF No. 1) and appears to have filled out his Intake Form on February 5, 2010 (Ex. L to Pl.'s Mot., ECF No. 7). Since the acts complained of by Plaintiff took place between January and September of 2008, and any act occurring earlier than April 11, 2009, three hundred days prior to February 5, 2010, is barred, these causes of action must fail. Accordingly, Plaintiff's First through Sixth Causes of Action will be dismissed against all Defendants.

### b. Tenth Cause of Action

Plaintiff's Tenth Cause of Action alleges that "Patricia Maxwell was discriminative and negligent concerning a missing restricted delivery receipt" when "she intentionally refused to mail the receipt back to plaintiff for which he paid for." (FAC, 14:8-11.) To the extent that Plaintiff is alleging violation of Title VII against this defendant in her individual capacity, this cause of action will be dismissed. Furthermore, to the extent that this cause of action is alleged against LVVWD, it will be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

### c. Seventh Cause of Action

In his Seventh Cause of Action Plaintiff alleges violations based upon the actions of

1  "Richard Fox, security officer and part-time lead on the graveyard shift." (FAC, 10:7-8.)
2  Plaintiff alleges that "Fox discriminated against plaintiff and intentionally inflicted emotional
3  distress on plaintiff by using the 'N-word' on multiple occasions to indicate his superiority over
4  my race, african american *[sic]*." (*Id.* at 10:12-15.)  Plaintiff refers to events on November 12-13,
5  2009, in which Fox was allegedly "disrespectful to plaintiff by talking to him in a lower fashion
6  and creating mentally taxing situations that undermine plaintiff's authority to perform as a lead
7  and security officer," and "Fox intentionally was insubordinate in his role as a patrol officer." (*Id.*
8  at 10:9-12, 17-18.)  Liberally construing Plaintiff's allegations, the Court finds that Plaintiff is
9  alleging violations of Title VII against Fox in his individual capacity.  Accordingly, this cause of
10 action will be dismissed as to individual Defendants and will survive as to LVVWD.

### d.   Eighth Cause of Action

12  In his Eighth Cause of Action Plaintiff alleges that "James Tadlock retaliated against
13 plaintiff because he filed discrimination charges against him." (First Am. Compl., 11:12-14.)
14 Plaintiff also alleges that "Hyman Walker, Robert Hulshouser and Alan Schmidt were
15 'negligent' in that they refused to act correctly to the many unlawful acts within the security
16 department." (*Id.* at 12:8-10.)  Liberally construing Plaintiff's allegations, the Court finds that
17 Plaintiff is alleging violations of Title VII against Schmidt, Hulshouser, Tadlock and Walker in
18 their individual capacity.  Accordingly, this cause of action will be dismissed as to individual
19 Defendants and will survive as to LVVWD.

### e.   Ninth Cause of Action

21  In his Ninth Cause of Action Plaintiff again alleges a "reprisal or retaliative attack aimed
22 at plaintiff" by James Tadlock on February 23, 2010. (First Am. Compl., 13:2-3.)  Plaintiff also
23 alleges that he "had to undergo an investigation and was administered two (2) field drug tests"
24 after "security officer Charles Siedl had an accident" while driving a LVVWD vehicle on
25 January 6, 2010. (*Id.* at 13:13-14.)  Plaintiff argues that "this was a discriminative act" because

Siedl was not investigated or required to take drug tests after the accident. (*Id*. at 12:14.) Plaintiff alleges that "Patricia Maxwell intentionally gave plaintiff a false accident report to mislead plaintiff." (*Id*. at 13:20-21.) Liberally construing Plaintiff's allegations, the Court finds that Plaintiff is alleging violations of Title VII against Tadlock and Maxwell in their individual capacity.  Accordingly, this cause of action will be dismissed as to individual Defendants and will survive as to LVVWD.

### B. Plaintiff's Motions

As discussed above, Plaintiff's motions fail to comply with the applicable legal requirements and will be denied.

A party may move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c).  Here, Defendants have not filed an Answer, and dispositive motions are still pending.  Therefore, to the extent that Plaintiff sought to make such a motion, it will be denied as untimely.

A court shall grant summary judgment if the party making such a motion shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record. Fed. R. Civ. P. 56(c)(1).  Although a court *may* consider other materials in the record, only the cited materials need be considered. Fed. R. Civ. P. 56(c)(3).  Finally, a party's failure to file points and authorities in support of the motion shall constitute a consent to the denial of the motion. D. Nev. R. 7-2(d).  Here, Plaintiff has failed to support his assertions by filing points and authorities or by citing to any of the materials in the record, much less particular parts.  The court declines to search through and consider the entire record in an effort to find support for Plaintiff's motions.  Accordingly, the motions will be denied.

Finally, Plaintiff's Motion for Communication with the Court (ECF No. 46) is

inappropriate under District of Nevada Local Rule of Practice 7-6(b). This rule does not provide for any filing in the form of a motion, and does not provide for communication with the Court. Accordingly, Plaintiff's motion will be denied.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 28) is **GRANTED**. All individual Defendants are dismissed, and Plaintiff's First through Sixth, and Tenth Causes of Action are **DISMISSED**. Defendant Las Vegas Valley Water District remains, as well as Plaintiff's Seventh, Eighth and Ninth Causes of Action.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Partial Summary Judgment (ECF No. 32) and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 48) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Communication with the Court (ECF No. 46) is **DENIED**.

**DATED** this 5th day of July, 2012.

_____
Gloria M. Navarro
United States District Judge