**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Terris R. Jones, Sr.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Las Vegas Valley Water District, et al.,<br><br>　　　　Defendants. | Case No.: 2:10-cv-1941-JAD-PAL<br><br>**Order Granting the Las Vegas Water District's Motion for Summary Judgment [Doc. 66] and Denying Terris R. Jones' Motion for Judgment on the Pleadings [Doc. 70], Motion for Summary Judgment [Doc. 79] and Motion Ex Parte Communication Pursuant to LR 7-6(b) [Doc. 92]** |

　　　　*Pro se* Plaintiff Terris Jones has been employed as a security officer at the Las Vegas Valley Water District since 2007. He alleges a co-worker "discriminated against [him] and intentionally inflicted emotional distress on [him] by using the 'N-word' on multiple occasions to indicate his superiority over [his] race, African American." Doc. 25 at 10. He further alleges that a supervisor retaliated against him for filing an EEOC complaint and discriminated against him behind closed doors and in his year-end employment evaluation and by falsely accusing him of reckless driving, while a Caucasian counterpart went unpunished for another accident. *Id.* at 11-13. Jones seeks $100 million in damages. Doc. 68 at 3.

　　　　This is one of three lawsuits that Jones has filed in this courthouse against his employer and co-workers. *See also* 2:11-cv-435-KJD-PAL, 2:12-cv-282-KJD-PAL. The other two were resolved in favor of the District on summary judgment and both of those dispositions were affirmed by the Ninth Circuit; the 2011 action was based on the very same racial-discrimination allegations offered

here.[1]  Although Jones originally commenced this action against the District and several individual defendants, all claims except for Jones's three Title VII causes of action against the Water District for hostile work environment, racial discrimination, and retaliation were dismissed in July 2012. Doc. 51.

The District now moves this Court for summary judgment on the final three claims remaining against it, Doc. 66,[2] and Jones has three pending motions of his own: a Motion for Judgment on the Pleadings, Doc. 70;[3] a Motion for Summary Judgment, Doc. 79;[4] and a document entitled "Motion Ex Parte Communication pursuant to LR 7-6(b)."  Doc. 92.  Jones's filings represent his second motion for judgment on the pleadings, third summary judgment motion, and fifth request for ex parte communication with the Court in this case.  Having thoroughly evaluated the parties' submissions, the Court finds these motions appropriate for disposition without oral argument, concludes that summary judgment in favor of the District is appropriate, and denies Jones's pending motions based on the reasons below.

**Discussion**

**A.    The Water District's Motion for Summary Judgment**

The Water District seeks summary judgment in its favor on Jones's three remaining claims for Title VII harassment/hostile work environment, retaliation, and racial discrimination (Counts 7, 8, 9).  It contends that Jones cannot establish a prima facie case of racial discrimination because discovery has failed to reveal any adverse employment action against him on account of his race, that the District acted with discriminatory intent, or that Jones suffered damage.  Doc. 66 at 10-13.  It

---

[1] *See* 2:11-cv-435-KJD-PAL, Doc. 65 at 2-3, *aff'd*, Case No. 12-16574, Dec. 10, 2013 ("the 435 case").  The District Court also entered a vexatious-litigant order barring Jones from filing future Title VII complaints against his co-workers in their individual capacities without prior court authorization.  *See* 2:12-cv-282-KJD-PAL, Doc. 35 at 11.  That disposition also was affirmed by the Ninth Circuit.  *See* Case No. 12-16659, DktEntry 14-1.

[2] Jones was notified that a dispositive motion had been filed, directing him to *Kingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).  Doc. 67.  Jones filed a response, Doc. 68, and the Water District replied.  Doc. 69.  Jones also filed a "Reply" to the Water District's reply.  Doc. 71.  Jones failed to seek leave of Court before filing this unauthorized document.

[3] The Water District filed a response, Doc. 75, and Jones filed a reply.  Doc. 76.

[4] The Water District responded, Doc. 81, and Jones filed a reply.  Doc. 82.

further argues that Jones's racial harassment/hostile work environment claim fails because the alleged racial and hostile statements were, at best, non-actionable stray remarks for which the District is not liable. *Id*. at 13-15. And the absence of evidence of any adverse employment action also prevents Jones from proving his retaliation claim. *Id*. at 15. In support of this motion, the District offers a series of business records that are properly authenticated by the affidavit of Patricia Maxwell. Doc. 66-3.

As the movant, the District bears the initial burden of establishing the absence of a genuine issue of material fact by specifically identifying portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Rule 56(c)); *see also Rosenbaum v. Washoe County*, 663 F.3d 1071, 1075 (9th Cir. 2011) (citing *Celotex*, 477 U.S. at 322). The burden then shifts to Jones to set forth specific facts demonstrating a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Although all inferences must be draw in favor of Jones, he may not rest upon mere allegations; he must come forward with specific facts, by affidavit or other admissible evidentiary materials. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Bank of Amer. v. Orr*, 285 F.3d 764, 774-75 (9th Cir. 2002). As a *pro se* litigant, Jones is not held to the same standard as an admitted attorney. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). A *pro se* litigant's filings are to be judged by their function, with liberal construction of "inartful pleading[s]." *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Nevertheless, a *pro se* litigant is not absolved from compliance with the Rules of Procedure simply because he has elected not to obtain representation. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986). Summary judgment must be entered even against a *pro se* "party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

Jones's three-page opposition offers no evidence whatsoever to support his claims or refute the District's arguments and statement of undisputed facts. He summarily represents that "the exhibits or materials on file in this action which are 'Empirical and Habit Evidence' facts that defendants have not, nor can they refute ever," show that "defendants' motion is not legally sound."

3

Doc. 68 at 1. Jones attaches no exhibits to his opposition, and the only evidentiary item he references is his receipt of "Federal Notice of Right To Sue from the Department of Justice and the US Equal Employment Opportunity Commission, which no one is able to refute!" Doc. 68 at 2.

Having evaluated the parties filings under these standards, the Court finds that the Water District has presented a properly supported motion for summary judgment as to all three counts and that Jones's sparse and unsubstantiated opposition fails to demonstrate a genuine issue of material fact to sustain his claims and survive summary judgment.

### 1.  Racial Discrimination

Title VII makes it "an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of the individual's race." 42 U.S.C. § 2000e-2(a); *see Brooks v. City of San Mateo*, 229 F.3d 917, 928-29 (9th Cir. 2000); *Chuang v University of California, Davis*, 225 F.3d 1115, 1124-26 (9th Cir. 2000). "As a general matter, the plaintiff in an employment discrimination action need produce very little evidence in order to overcome an employer's motion for summary judgment." *Chuang*, 225 F.3d at 1123-24. Under the seminal case of *McDonnell-Douglas Corp. v. Green*, the employee must establish a prima facie case of discrimination. 411 U.S. 792, 802 (1973).

#### a.  No adverse employment action

The District argues that Jones's racial discrimination claim fails because he has suffered no adverse employment action. Doc. 66 at 9-12. For Title VII purposes, only non-trivial employment actions that deter reasonable employees from complaining about Title VII violations constitute adverse employment actions. *Brooks*, 229 F.3d at 928. Adverse employment actions include termination, dissemination of negative employment reference, issuance of a negative performance review or a refusal to consider an employee for promotion, and they must be "final or lasting." *Id*. at 928-30  An action other than a termination or demotion requires some kind of meaningful change in work assignment. *See Lyons v. England*, 307 F.3d 1092, 1118 (9th Cir. 2002).

There is no evidence that Jones's employment changed in any way as a result of any of the alleged conduct in this case or that he has experienced any adverse action with respect to

compensation, terms, conditions, or privileges of employment. Jones is still employed by the District, and he has suffered no change in pay and no shift in his job duties. Jones consistently received pay raises, Doc. 66-3 at 3, and he was never demoted. *Id*. Although he received an unfavorable review from his supervisor Tadlock in February 2010—an act that Jones claims was done in retaliation for his filing of his EEOC complaint—Jones successfully appealed that evaluation and "was given a pay increase," and the review "did not negatively impact Jones'[s] work assignment, position, or pay." *Id*.[5] Tadlock never supervised Jones after that. *Id*. at 4. Thus, there is absolutely zero evidence that Jones suffered an adverse employment action at all, particularly as a result of his race. The lack of any adverse employment action also suggests Jones's inability to show he suffered any damages, and he offers no proof of any by his opposition. Without these essential elements, Jones cannot establish a prima facie case of racial discrimination, and summary judgment is warranted.

### b. Issue preclusion

The doctrine of issue preclusion also compels summary judgment on this claim. This is not Jones's only lawsuit alleging a racial discrimination claim against the District based on Fox's alleged use of the "N-word" against Jones in 2010. On June 28, 2012, United States District Court Judge Kent Dawson granted summary judgment in favor of the District in the 435 case on Jones's Title VII racial discrimination claim. The Court reasoned that Plaintiff failed to offer any evidence of an adverse employment action and "the only circumstance that could possibly support an inference of discrimination is Plaintiff's allegation that Fox treated him disrespectfully and used the 'N-word.' However, since Fox is a co-worker and not a supervisor, Fox's actions are not imputed to the employer." 435 case, Doc. 51 at 6 (citing *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993)). Thus, the Court concluded that Jones's "race discrimination claim fail[ed] to survive summary judgment." *Id*. The Ninth Circuit affirmed that decision in December 2013. Case No. 12-16574, DktEntry 16-1 at 2 (noting that "Jones failed to raise a genuine dispute of material fact as to

---

[5] Defendant also offers excerpts of Jones's deposition testimony. Defendant's failure to properly authenticate this evidence by providing the certificate of the court reporter precludes the Court from considering it in support of these motions. *See Orr*, 285 F.3d at 773.

whether he was subjected to an adverse employment action"). This substantial overlap in issues and argument and lack of novel pretrial preparation and discovery in the instant action as compared to the 435 case justify the application of the doctrine of claim preclusion under the Ninth Circuit's analysis in *Resolution Trust Co. v. Keating*, 186 F.3d 1110, 1116 (1999).

### 2.  Harassment/Hostile Work Environment

The District seeks summary judgment on Jones's claims for racial harassment/hostile work environment on the basis that Jones's co-worker Fox's alleged use of the N-word was not "severe or pervasive enough" to give rise to Title VII liability. Doc. 66 at 13. The District notes that Jones's work assignment did not change as a result of the comment, and Jones did not even report the details of this incident for several months. When District administrative personnel reached out to Jones to obtain more information about it, "Jones did not specify any particular conduct, including anything offensive said by Mr. Fox." Doc. 66-3 at 2. Management contends it was not aware that Mr. Fox allegedly used this term until Jones filed his NERC discrimination charge months later. *Id*.

#### a.  Merits of the claim

"To prevail on a hostile work environment claim premised on . . . race . . ., a plaintiff must show: (1) that he was subjected to verbal or physical conduct of a racial . . . nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." *Vazquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003); *see Pavon v. Swift Transportation Co., Inc.*, 192 F.3d 902, 908 (9th Cir. 1999). "The mere utterance of an . . . epithet which engenders offensive feelings is not enough" to establish a hostile work environment. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993). The Ninth Circuit holds that the conduct must involve "discriminatory intimidation, ridicule, [and/or] insult." *Pavon*, 192 F.3d at 908. Fox was a co-worker, not a supervisor, and an employer will be liable for harassment by a co-worker if the employer does not exercise reasonable care to prevent the harassing behavior. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 807-8 (1998).

The undisputed evidence reflects that the District made numerous attempts to prevent the behavior that Jones complained of, but Jones's failure to provide details made this impossible. When

6

Jones first emailed his supervisor about the situation, he offered only the cryptic summary that "Fox is in need of you or someone to teach him as a lead, he needs to treat his subordinates with respect and/or consideration. On July 24, 2010, I was treated disrespectful by [] Fox by the way he spoke to me, thereby, made me unable to work my full shift on July 25, 2010." Doc. 66-3 at 7. Supervisor Maxwell asked Jones to provide her with details about Fox's behavior, Doc. 66-3 at 3, 11, indicating, "[i]n order to fully investigate, we need to get the details." *Id*. at 11. She followed up a few days later when Jones had not provided any details. *Id*. at 3, 13. Despite its efforts, the District was not made aware that Fox allegedly called Jones the "N-word" until Jones filed his Charge of Discrimination with the Nevada Equal Rights Commission on August 6, 2010, when Jones reported to NERC that "[Fox] has used the 'N-word' on multiple occasions to indicate his superiority over my race, black. My continuing complaints to [management] have, yet to date, taken no action against the individuals mentioned. . . . I believe I am being discriminated and retaliated against due to my race, African American. . . ." *Id*. at 3, 15. Thus, there is absolutely no evidence that the District was aware before Jones's NERC complaint that Fox had allegedly used a racial epithet, so it could not have known it needed to prevent that behavior. And, moreover, the evidence simply does not support a finding that the alleged racial harassment was sufficiently severe or pervasive to alter the conditions of Jones's employment as required to prevail on this Title VII theory. Therefore, summary judgment is appropriate.

        **b.**        **Issue preclusion**

Summary judgment on this claim is warranted for the second, independent reason that Judge Dawson has already found—and the Ninth Circuit has affirmed—that the evidence does not give rise to a triable issue of fact to sustain this claim. Jones offered the very same factual allegations in the 435 case; Judge Dawson granted summary judgment; and the Ninth Circuit concluded that the "district court properly granted summary judgment on Jones'[s] racial harassment claim because Jones failed to raise a triable dispute as to whether the alleged conduct was sufficiently severe or pervasive to alter the conditions of his employment." Case No. 12-16574, DktEntry 16-1 at 2. As Jones has not offered any additional information in opposition to the same summary judgment arguments in the instant case, issue preclusion applies.

### 3.     Retaliation

Finally, the District seeks summary judgment on Jones's retaliation claim on the argument that he failed to set forth any set of facts to satisfy the elements of this Title VII theory. Doc. 66 at 15. Title VII prohibits employers from discriminating against their employees who have "opposed any practice made an unlawful employment practice by this subchapter, or because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). In order to prevail on this claim, Jones must provide some evidence that his employers took an action that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 68 (2006).

The record is devoid of any such evidence, and Jones has offered nothing in his opposition to support this claim. Jones continues to work at the Water District in the same position that he occupied prior to his filing the charge, and has received pay increases. Doc. 66-3 at 2-3. The only evidence in the record of a negative employment consequence is Tadlock's issuance to Jones of an employment evaluation suggesting that he "needed improvement" in his ability to communicate and work in a team, but Jones successfully appealed that evaluation and was given a merit-based raise, and Tadlock was promptly investigated and ceased his supervision of Jones thereafter. *Id*. at 3-4, 28-30, 29. With no evidence that the District took an action that might have dissuaded a reasonable worker from filing an EEOC complaint, Jones cannot prevail on this claim, and summary judgment is warranted.

### B.     Jones's Motions

Since the District filed its motion for summary judgment, Jones filed three of his own motions: a Motion for Judgment on the Pleadings, a Motion for Summary Judgment, and a Motion Ex Parte Communication Pursuant to LR 7-6(b). Docs. 70, 79, 92. The Court thus considers each of Jones's filings in turn.

### 1. Motion for Judgment on the Pleadings[6]

Jones's two-page "motion for judgment on the pleadings" appears, by its references to Rule 56 and assertion that "the defendants have no genuine supportive admissible evidence to dispute any of plaintiff's 'Empirical Evidence' provided to the court, to be more properly characterized as a motion for summary judgment. Doc. 70; *see Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) (acknowledging that courts must construe pro se motions and pleadings liberally). Jones offers the following "facts": (1) Fed. R. Civ. Proc. 56 is a determination made by a court without a full trial, and all of the evidence shows that he will prevail on his claims; (2) the Water District's "inadequacies" cannot negate his claims; (3) the Water District's evidence on summary judgment has not "established the presence of a genuine dispute," and (4) "[a]ll of defendants' affidavit(s) or assertions, were submitted in 'Bad Faith.'" Doc. 70 at 2. The District points out in its opposition that Jones has not presented any admissible evidence—nor any cogent argument or authority—demonstrating his entitlement to judgment in his favor. Doc. 75 at 2. Thus, Jones has fallen far short of complying with Rule 56 and Local Rule 7.2, and his request must be denied. *Id.* Jones replies that his motion should be granted "based upon [his] correct assertion [that] Defendants do not have any admissible evidence to support their defenses." Doc. 76, p. 2. He also claims, without further substantiation, that he has submitted "many cognizable claims." *Id.*

When a plaintiff moves the court to enter summary judgment in his favor on his affirmative claims, the burden is a substantial one: he must produce evidence that would entitle him to a directed verdict if the evidence went uncontroverted at trial. *See C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000).

Jones's failure to offer admissible evidence to support each element of his claims precludes the entry of summary judgment in his favor (and, as set forth *supra*, compels the entry of summary judgment in favor of the District). His generalized reference to "Empirical Evidence" "contained in this entire case file" fails to satisfy his burden. He attaches nothing to his motion and directs the

---

[6] Jones's motion is entitled "Plaintiff's Reply In Support of Motion for Judgment on the Pleadings; R. Civ. P. 56(a); LR 56-1; LR 7-2(a) (Third Request)." Doc. 70 at 1. Its introductory language, however, makes it apparent that Jones intended by this document to move for judgment in his favor. *Id.*

9

Court to no specific piece of evidence.  "It is not the role of the Court to parse the parties' exhibits to construct the facts.  Judges are not 'like pigs, hunting for truffles buried in briefs.'"  *Sokoya v. Downey*, 2009 WL 773523 (C.D. Ill. Mar. 20, 2009) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).  "Nor are they archaeologists searching for treasure."  *Id*. (quoting *Jeralds ex rel. Jeralds v. Astrue*, 2010 WL 4942161, at *7 (N.D. Ill. Dec. 8, 2010)) (citing *DeSilva v. DiLeonardi*, 181 F.3d 865, 867 (7th Cir.1999)).  Put simply, the Court is not obligated to "paw over files without the assistance from the parties" in order to make a party's claim.  *See Orr*, 285 F.3d at 774-75 (quotation omitted).  Local Rule 56-1 requires a summary-judgment movant to cite "the particular portions of any pleading, affidavit, deposition, interrogatory, answer, admission, or other evidence upon which the party relies."  Jones has not, and his request for summary judgment in his favor must be denied.

### 2. Motion for Summary Judgment

Jones's next motion is specifically framed as one for summary judgment "after the close of discovery" and "on the grounds that the Defendants have no supported genuine admissible evidence to any of plaintiff's causes of action or material facts in this 'Federal Action' or case."  Doc. 79 at 1.  The motion—which totals three pages—offers only lightly more prose than his previous motion (Doc. 70).  He offers as his "statement of facts" the following representations (none of which is supported by an attached document or citation to any document in the record): (1) his "causes of action are supported with 'Empirical and Hibit [sic] Evidence," in the form of exhibits and/or documentation, pursuant to FRE 406(a), (b), (c) and FRE 901-903(a), (b) and (c)."  Doc. 79 at 2; (2) he received three "other charges of discrimination from the U.S. Equal Employment Opportunity Commission, because this first 'Federal Action' was allowed to go without Prosecution or Conviction for Criminal and/or Civil Offenses perpetrated in this case"; (3) he received two "other Right-To-Sue letters other than this case from EEOC and the U.S. Department of Justice Civil Rights Division"; and  (4) All of Defendants' pleadings are obfuscated and frivolous, without any merit."  Doc. 79 at 2. He provides a list of laws he alleges the District violated, along with the doctrine of res ipsa loquitur, and he asserts that "there is direct evidence of negligence by the defendants' deeds, together with sufficient background of human experience that justifies" his conclusions, and the District has not

10

and cannot "refute the presumption of negligence." *Id*. at 3.  These points similarly fail to warrant the entry of summary judgment in Plaintiff's favor.

### a. **Empirical and habit evidence**

Jones's bald reference to "Empirical and Hibit [sic] Evidence" and listing of various rules of evidence offers nothing to support this motion.  The Court simply has no idea what he is talking about, and is under no obligation to guess.

### b. **Receipt of right-to-sue letters**

Assuming that there were admissible in the record that Jones has received three "charges of discrimination" and two Notice of Suit Rights from the EEOC,[7] these historical facts alone do nothing to establish the merits of his allegations.  Right to sue letters are merely jurisdictional prerequisites to discrimination suits, 42 U.S.C. § 2000e–5(f)(1); *Temengil v. Trust Territory of Pacific Islands*, 881 F.2d 647, 654 (9th Cir. 1989), and the fact that such a letter has been issued is not evidence of the merits of a discrimination claim.  *See Nolen v. FedEx TechConnect, Inc.*, --- F.Supp.2d ----, 2013 WL 4774771 (W.D. Tenn., 2013, Sept. 4, 2013).  Thus, even assuming that Jones had offered the Court properly authenticated notices, and would only show that Jones exhausted his administrative remedies, they would do nothing to establish the merits of his claims.

### c. **Res ipsa loquitur**

Jones's suggestion that the doctrine of res ipsa loquitur compels summary judgment in his favor is also meritless.  The U.S. Supreme Court has noted:

> Res ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require; that they make a case to be decided by the jury, not that they forestall the verdict.

---

[7] Although not properly authenticated by Jones, the Court takes judicial notice of these two documents. *See, e.g.*, Fed. R. Evid. 201(d); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (permitting judicial notice on appeal of summary judgment ruling); *United States E.E.O.C. v. Global Horizons, Inc.*, 860 F. Supp. 2d 1172, 1193 n.5 (D. Hawai'i 2012) (considering judicial notice of EEOC Charge on Motion to Dismiss).

11

*Jesionowski v. Boston & M. R.R.*, 329 U.S. 452, 457 (1947). This doctrine only applies to negligence claims; it has no application in Title VII cases. *See, e.g.*, *Gonzalez v. City of New York*, 354 F. Supp. 2d 327, 343 (S.D.N.Y. 2005) ("There is no doctrine in Title VII equivalent to *res ipsa loquitur* permitting the Court to presume liability unless Defendants come forward with exonerating evidence."). Jones bore the burden in this summary judgment motion to establish his entitlement to judgment based undisputed evidence, and he failed to do so. *See C.A.R.*, 213 F.3d at 480. The doctrine of res ipsa loquitur offers no substitution for that burden.

### d.     Other statutory provisions

Jones's list of statutory provisions that he contends the Defendant violated (11 U.S.C. §§ 701(1), 702(a); 18 U.S.C. §§ 241, 242; 42 U.S.C. §§ 1981(a)-(b), 1983, 1985, 1986, and 2000e *et seq.*, and the "Retaliation Act of 2002," Doc.; 79 at 2) gives this motion no traction. This list of statutory allegations is denuded from all context, as Jones makes no attempt to link any of these statutes to any cause of action and, more importantly, any evidentiary support in the record.[8]

With nothing more substantive than offered in his other motion for judgment in his favor, *see* Doc. 70, this motion for summary judgment, too, must be denied.

### 3.     Jones's Motion for Ex Parte Communication Pursuant to LR 7-6(b) [Doc. 92]

Finally, Jones moves this Court ex parte to give him "a legal decision(s) according to Rule of Law on all of the past due pleadings" and avers that Judge Gloria M. Navarro, from whom his case was transferred to the undersigned last August, "has been politically influenced and not made in accordance to Rule of Law." Doc. 92. He claims he "has received the same treatment from U.S. Magistrate Judge Peggy A. Leen and for the same reason(s)." *Id*.

This is not Jones's first "motion" of this sort. He made the first request of this kind via letter in early 2011, and copied the Justice Department. *See* Doc. 12, p. 1. He then submitted several requests to communicate directly with the Court, purportedly made under "Local Rule 7-6(b)." *See* Docs. 22, 35, 46. Jones was expressly notified that such communications are improper and that Local

---

[8] Similarly, in his two-page reply, Jones cites and quotes a handful of discovery rules and offers the proverbial question, "If defendants did not need any information from plaintiff, then why order him to participate in discovery." Doc. 82 at 2. This reply brief fails to cure any of the deficiencies that compel this Court to deny the motion.

Rule 7-6(b) "does not provide for any filing in the form of a motion" or allow direct "communication with the Court," and his pending "motions" purportedly filed under that rule were denied. *See* Doc. 51, pp. 9-10. Undaunted, he filed three more similar "motions," which are being treated in the docket as Rule 7-6 letters that require no response by the Court. *See* Docs. 78, 83, 84. After the case was referred to the undersigned, and despite the Court's explicit prior notification that such submissions are inappropriate, Jones once again filed an ex parte "motion," invoking Local Rule 7-6(b). Doc. 92.

Local Rule 7-6(b) allows a party to "send a letter to the Court at the expiration of sixty (60) days after any matter has been, or should have been, fully briefed if the Court has not entered its written ruling." L.R. 7-6(b). If the decision remains outstanding 120 days after the motion's full briefing, the litigant may send a letter to the Chief Judge, "who shall inquire of the judge about the status of the matter." *Id*. The rule requires this information be communicated *by letter*, not *by motion*. Accordingly, Jones's motion for relief under Local Rule 7-6(b) is denied because the rule does not authorize the relief he seeks.

**Conclusion**

Accordingly, based on the foregoing reasons and with good cause appearing and no reason for delay,

It is **HEREBY ORDERED** that Jones's Motion for Judgment on the Pleadings **[Doc. 70] is DENIED**.

It is **FURTHER ORDERED** that Jones's Motion for Summary Judgment **[Doc. 79] is DENIED**.

It is **FURTHER ORDERED** that Jones's Motion Ex Parte Communication Pursuant to LR 7-6(b) **[Doc. 92] is DENIED**.

It is **FURTHER ORDERED** that the Water District's Motion for Summary Judgment **[Doc. 66] is GRANTED**; summary judgment on all remaining claims is hereby entered in favor of the Defendant, the Las Vegas Valley Water District.

DATED: March 26, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE